1  ROBERT W. FREEMAN, ESQ.
Nevada Bar No. 003062
2  E-Mail: Robert.Freeman@lewisbrisbois.com
PAMELA L. MCGAHA, ESQ.
3  Nevada Bar No. 008181
Email: Pamela.McGaha@lewisbrisbois.com
4  LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
5  Las Vegas, Nevada 89118
Telephone: (702) 893-3383
6  Fax: (702) 893-3789
*Attorneys for Defendant*
7  United Services Automobile
Association Casualty Insurance Company
8
## UNITED STATES DISTRICT COURT
9
### DISTRICT OF NEVADA
10
11
12  ROOSEVELT WILLIAMS, individually,        CASE NO. 2:14-cv-02092-GMN-GWF

       Plaintiff,                          **STIPULATION AND ORDER TO EXTEND
13                                          DISCOVERY DEADLINE**
       vs.
14                                          **(THIRD REQUEST)**
   UNITED SERVICES AUTOMOBILE
15 ASSOCIATION; DOES 1 through 10, ROE
   ENTITIES 11 through 20, inclusive jointly
16 and severally,

17       Defendants.

18
        Pursuant to LR 6-1 and LR 26-4, the parties, by and through their respective
19
counsel of record, hereby stipulate and request that this Court extend discovery in the
20
above-captioned case ninety (90) days, up to and including March 11, 2016.  In addition,
21
the parties request that the dispositive motions and pretrial order deadlines be extended
22
for an additional ninety (90) days as outlined herein.  In support of this Stipulation and
23
Request, the parties state as follows:
24
        1.      On December 11, 2014, Defendant removed the instant action to Federal
25
                Court.
26
        2.      On December 11, 2014, Defendant filed its Answer to Plaintiff's Complaint
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4845-1592-5032.1                              1

with Federal Court.

3.     On December 29, 2014, Defendant filed its Statement Regarding Removal.

4.     On February 2, 2015, the parties prepared and the Court then entered a Discovery Plan and Scheduling Order (the Order).

5.     On February 3, 2015, Plaintiff served his initial document and witness disclosures.

6.     On March 10, Defendant served it's initial document and witness disclosures.

7.     On March 20, 2015, Defendant served written discovery on Plaintiff. Plaintiff served his responses to Defendant's Discovery request on May 6, 2015; however, Plaintiff did not provide signed medical authorizations until August 12, 2015.  Plaintiff has agreed to provide supplemental responses to his Interrogatories identifying medical providers he treated with prior to the subject accident, so Defendant can utilize the medical authorization.

8.     On April 16, 2015, Plaintiff served written discovery on Defendant. Defendant served its responses to Plaintiff's Discovery on May 14, 2015.

9.     Defendant took the deposition of Dr. Leo Germin on August 11, 2015.

DISCOVERY REMAINING

1.     Defendant will take the deposition of Plaintiff; however, due to the apparent grave medical condition of Plaintiff (due to illness unrelated to the subject accident), and from which is not expected to recover, the parties are required to explore alternate means of completing his deposition.

2.     Plaintiff will take the deposition of Defendant's representatives.

3.     The parties will collect Plaintiff's medical and billing records related to medical treatment following the accident, as well as medical records for medical

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

treatment Plaintiff underwent prior to the subject accident.

    4.    The parties will take the depositions of the designated expert witnesses.

    5.    The parties will take the depositions of Plaintiff's medical providers once Defendant is able to obtain the medical records.

    6.    The parties will take the depositions of any and all other witnesses garnered through discovery.

This Request for an extension of time is not sought for any improper purpose or other purpose of delay.  Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery.

## WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties have exchanged written discovery requests.  Defendant received a signed medical authorization on August 12, 2015; however, Plaintiff has not yet provided information related to medical providers he sought treatment with prior to the subject accident.  Defendant is of the understanding that Plaintiff is currently in a declining state of health, so significant, that he is confined to his home with in-home medical services attending to his needs.  The reason for his declining health appears to be unrelated to injuries sustained in the accident, but instead, related to a long standing medical condition/illness. It is the parties' understanding that Plaintiff's current state of health may have had some impact on his ability to provide a complete history of his medical treatment prior to and subsequent to the subject accident as requested by way of Defendant's written discovery.  However, Plaintiff's counsel is working with Plaintiff to obtain sufficient medical information to allow Defendant to utilize the medical authorization to obtain pertinent pre-accident medical records.  Plaintiff's prior medical condition is particularly important in this case because he is alleging significant neurological injuries as a result of the subject accident.

Defendant has requested Plaintiff supplement his discovery responses with

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4845-1592-5032.1                                                3

1   information related to his prior medical condition so the status of Plaintiff's pre-accident

2   medical condition can be understood.  Defendant also intended to obtain and/or confirm

3   this information at Plaintiff's deposition.  However, the parties became aware recently of

4   the serious nature of Plaintiff's declining health which prevents him from leaving his

5   house to attend a deposition.  Moreover, it appears Plaintiff's condition requires only a

6   limited period of time in which he could sit for a deposition in his home.  Accordingly, the

7   parties are in the process of determining the best means possible to obtain pertinent

8   information from Plaintiff while accommodating his health needs.

9          The parties anticipate that Defendant will collect Plaintiff's medical records once a

10   list of medical providers are provided to Defendant.  Since Plaintiff is alleging significant

11   neurological injuries as a result of the accident, in addition to neck and back injuries, it will

12   be necessary for all medical records to be obtained in order for Defendant to adequately

13   assess expert retention for this case.  Thus, the parties are requesting an extension to the

14   deadline in which to designate experts for this case.  Plaintiff has requested to take the

15   deposition of one or more of Defendant's employees involved in handling Plaintiff's

16   underinsured motorist claim ("UIM claim") and the parties will need to coordinate dates for

17   these depositions.  Defendant's employees are located out of state, so it will require travel

18   by the parties for the depositions.  Once Plaintiff's medical records are obtained, the

19   parties may need to schedule the depositions of certain of Plaintiff's treating physicians

20   as well as the depositions of any expert witnesses.  The parties have already completed

21   the deposition of Plaintiff's neurologist, Dr. Leo Germin.

22          The parties have conferred regarding discovery for this case and the issues made

23   known recently regarding the state of Plaintiff's declining health which complicates

24   discovery for this case.   It appears the parties can work together to complete the

25   discovery requested with additional time allowed by this court.

26          Extension or Modification of The Discovery Plan and Scheduling Order.  LR 26-4

27   governs modifications or extension of this discovery plan and scheduling order.   Any

28   stipulation or motion must be made no later than twenty-one (21) days before the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

expiration of the subject deadline, and comply fully with LR 26-4.

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-off | December 11, 2015 | March 10, 2016 |
| Expert Disclosure pursuant to Fed R. Civ. P. 26 (a)(2) | October 9, 2015 | January 7, 2016 |
| Rebuttal Expert Disclosure pursuant to Fed. R. Civ. P. 26(a)(2) | November 11, 2015 | February 8, 2016 |
| Interim Status Report | October 9, 2015 | January 7, 2016 |
| Dispositive Motions | January 12, 2016 | April 11, 2016, or at least thirty (30) days after the close of discovery |
| Joint Pretrial Order | February 10, 2016 | May 11, 2016, or at least thirty (30) days after the decision of last Dispositive Motions |

This Request for an extension of time is not sought for any improper purpose or other purpose of delay.  Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery in this case and adequately prepare their respective cases for trial.

This is the third request for extension of time in this matter.  The parties respectfully submit that the reasons set forth above constitute compelling reasons and good cause for the short extension.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4845-1592-5032.1                                    5

1    WHEREFORE, the parties respectfully request that this Court extend the discovery

2  period by ninety days (90) days from the current deadline of December 11, 2015 up to

3  and including March 10, 2016 and the other discovery dates as outlined in accordance

4  with the table above.

5

6  DATED this 18th day of September, 2015.        DATED this 18th day of September, 2015.

7  LEWIS BRISBOIS BISGAARD & SMITH        RICHARD HARRIS LAW FIRM

8  /s/ Pamela L. McGaha                                    /a/ A.J. Sharp
   Robert W. Freeman, Jr., Esq.                            A.J. Sharp, Esq.
9  Nevada Bar No. 3062                                     Nevada Bar No. 11457
   Pamela L. McGaha, Esq.                                  801 S. Fourth Street
10 Nevada Bar No. 8181                                     Las Vegas, Nevada 89101
   6385 S. Rainbow Blvd., Suite 600                        Attorneys for Plaintiff
11 Las Vegas, Nevada 89118
   Attorneys for Defendant
12 United Services Automobile
   Association Casualty Insurance
13 Company

14

15                              **ORDER**

16         IT IS SO ORDERED.

17     Dated this 21st day of September, 2015.

18

19                              _George Foley Jr._____

20                              GEORGE FOLEY, JR.
                                United States Magistrate Judge
21

22

23

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW